Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000336
15-FEB-2017
08:46 AM

NO. CAAP-16-0000336

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
REBECCA VETTER, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0139)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the "Order Granting, in Part, and Denying in Part, Defendant's Motion to Dismiss Charge for Unconstitutionally Broad, Vague and Punitive Statute, and For Violation of Due Process" (**Order Granting Motion to Dismiss**), filed on March 18, 2016, in the Circuit Court of the First Circuit (**circuit court**).[1]

The State contends that the circuit court erred when it dismissed with prejudice the State's Amended Felony Information, which charged Defendant-Appellee Rebecca Vetter (**Vetter**) with Unauthorized Possession of Confidential Personal Information (**UPCPI**), in violation of Hawaii Revised Statutes (HRS) § 708-

---

[1]  The Honorable Glenn J. Kim presided.

839.55 (2014).[2]  The circuit court dismissed the charge on the basis that HRS § 708-839.55 is unconstitutionally overbroad and unconstitutionally vague.

In light of the Hawai'i Supreme Court's recent decision in State v. Pacquing, __ Hawai'i __, __ P.3d __, No. SCAP-14-0001205, 2016 WL 7176766 (Dec. 9, 2016), *reconsideration denied*, 2017 WL 235694 (Jan. 18, 2017), we vacate the Order Granting Motion to Dismiss and remand for further proceedings.

## I.  Background

On February 10, 2016, the State charged Vetter with committing the offense of UPCPI via the Amended Felony Information.  The charge states that Vetter "did intentionally or knowingly possess, without authorization, any confidential personal information of [complainant], in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form[.]"[3]

On February 18, 2016, Vetter filed a motion to dismiss the charge arguing, *inter alia*, that the offense of UPCPI under HRS §§ 708-839.55 and 708-800 (2014)[4] (**UPCPI statutes**) is

---

[2]  HRS § 708-839.55 provides in pertinent part:

> **[708-839.55] Unauthorized possession of confidential personal information.**  (1) A person commits the offense of unauthorized possession of <u>confidential personal information</u> if that person intentionally or knowingly possesses, without authorization, any <u>confidential personal information</u> of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

(Emphasis added.)

[3]  The sufficiency of the charge is not before us on appeal.

[4]  HRS § 708-800 provides in relevant part:

> "<u>Confidential personal information</u>" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

"unconstitutionally vague and overbroad under the Due Process Clauses of the Hawai'i State and United States Constitutions." In a Declaration of Counsel attached to the motion, Vetter's counsel stated that the allegation against Vetter appeared to be based on complaints of missing property, including a Samsung Galaxy III electronic tablet, an expired California Driver's License, a Dutch passport and a Resident Alien Card.

On March 8, 2016, the State filed a memorandum in opposition to the motion to dismiss asserting that during an investigation, a complainant was "able to confirm the Samsung Galaxy tablet, California driver's license, and Permanent Residence Card as being his property that had been stolen from him by [Vetter][.]" The State argued, *inter alia*, that the circuit court should reject Vetter's argument that the UPCPI statutes were unconstitutionally overbroad and vague.

After a brief hearing held on March 9, 2016, the circuit court filed the Order Granting Motion to Dismiss on March 18, 2016. The circuit court's order states the basis for granting the motion to dismiss is the court's determination that HRS § 708-839.55 is unconstitutionally overbroad and unconstitutionally vague.

On April 15, 2016, the State timely appealed from the Order Granting Motion to Dismiss.

## II.  State v. Pacquing

The circuit court's determination that HRS § 708-839.55 is unconstitutionally overbroad and unconstitutionally vague is controlled by the supreme court's decision in Pacquing.

In Pacquing, the supreme court concluded "the UPCPI statutes are not facially and unconstitutionally overbroad." 2016 WL 7176766, at *10.

However, in Pacquing, the supreme court also concluded that "given the uncertainty in meaning and scope of HRS § 708-800 [defining "confidential personal information"] and the indefinite

(Emphasis added.)

3

and varying standards it provides for adjudging guilt, the UPCPI statutes are inordinately vague." Id. at *14. The supreme court then excised the portions of HRS § 708-800 that it determined made the UPCPI statutes vague. The supreme court held that:

> [t]o eliminate the unconstitutional aspects of the UPCPI statutes, portions of the HRS § 708-800 definition of "confidential personal information" must be excised: "Confidential personal information" means "information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person."

Id. at *16. The supreme court further held that

> [a]fter the deletion of the unconstitutional portions of HRS § 708-800's definition of "confidential personal information," its meaning would be circumscribed to the enumerated classes of information preceded by "including" and information similar to those already enumerated. This means that a non-enumerated item of "information in which an individual has a significant privacy interest" would qualify as "confidential personal information" only if that non-enumerated item is similar in nature and character to those already enumerated in HRS § 708-800.

Id. (emphasis added) (citations omitted). The supreme court also noted that the remaining portions of the definition for "confidential personal information" still effectuated the

> intent of the legislature to target and deter conduct that precedes identity theft because intentional or knowing possession, without authorization, of a driver's license number, a social security number, an identifying number of a depository account, a bank account number, or other information similar in nature and character to those statutorily enumerated would still be a criminal offense.

Id. at *17.

### III. Present Case

In the circuit court, Vetter's memorandum in support of her motion to dismiss asserted, inter alia, that the charge against her should be dismissed because HRS § 708-839.55 is unconstitutionally overbroad and unconstitutionally vague on its face. The circuit court appears to have granted the motion on this basis.

4

### A. Overbroad

The supreme court concluded in Pacquing that the UPCPI statutes were not unconstitutionally overbroad. Id. at *10. Given Pacquing, the circuit court's dismissal of the charge on the basis that HRS § 708-839.55 is unconstitutionally overbroad is vacated.

### B. Vagueness

In light of the holdings in Pacquing on the issue of vagueness and the supreme court's excision of parts of the definition for "confidential personal information" in HRS § 708-800, we also vacate the circuit court's dismissal of the charge on the basis that HRS § 708-839.55 is unconstitutionally vague.

HRS § 708-893.55 provides in pertinent part:

> **[708-839.55] Unauthorized possession of confidential personal information.** (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

Given Pacquing, "confidential personal information" under HRS § 708-800 includes "a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number," and "information similar to those already enumerated." Id. at *16. In determining whether the items Vetter is alleged to have possessed are similar to the enumerated items remaining in the definition of "confidential personal information," it appears the items should be of the type that would satisfy the intent of the legislature to target and deter conduct that precedes identity theft. Id. at *17; see also State v. Mank, No. CAAP-16-0000342, 2017 WL 432898 (Haw. App. Jan. 31, 2017).

Because it appears that the circuit court based its ruling on a facial challenge to the UPCPI statutes, it did not address the particular items alleged to have been improperly in

5

Vetter's possession.[5]  We thus need not consider here whether the items Vetter is alleged to have possessed constitute or contain confidential personal information under HRS §§ 708-800 and 708-839.55.   Rather, further proceedings in light of Pacquing are appropriate.

Therefore, IT IS HEREBY ORDERED that the "Order Granting, in Part, and Denying in Part, Defendant's Motion to Dismiss Charge for Unconstitutionally Broad, Vague and Punitive Statute, and For Violation of Due Process," filed on March 18, 2016, in the Circuit Court of the First Circuit, is vacated. This case is remanded to the circuit court for proceedings consistent with Pacquing and this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, February 15, 2017.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellant.

Hayley Y.C. Cheng,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[5]   It further appears that the record is undeveloped in terms of what information the relevant items may contain.